Rogers *vs.* Mandeville.

No. 115.—JAMES H. ROGERS, plaintiff in error, *vs.* APPLETON MANDEVILLE, defendant in error.

[1.] When a settlement, the correctness of which is attacked, was made upon books and other data, it is admissible to give the same in evidence in order to prove the mistake complained of.

[2.] When a note, which is signed by the Justices of the Inferior Court, is sought to be enforced by writ of *mandamus* against the County Treasurer, the Justices are competent witnesses to prove mistake or fraud in the consideration of the note.

[3.] A return made by the Inferior Court to a *mandamus*, may be adopted as a part of the sworn return of the County Treasurer to a *mandamus* for the same demand against him, and thus constitute a part of the pleadings and evidence in the cause.

Mandamus, in Carroll Superior Court. Tried before Judge HAMMOND, April Term, 1856.

James H. Rogers sued out a writ of *mandamus* against Appleton Mandeville, Treasurer of the County of Carroll. In his petition, Rogers alleged that in 1845, Allen McWhorter, Israel R. Wood and Jeremiah Cole, Justices of the Inferior Court of Carroll County, made and delivered to petitioners their note for $546 46, due at one day; and at the same time passed an order requiring and directing the County Treasurer to pay the note; a part of the note had been paid; that there is still due on the note $437 96; that Appleton Mandeville, the present County Treasurer, refuses to pay the same to petitioner.

Judge IRWIN issued a *mandamus nisi*, requiring the said Mandeville to either pay over the amount of the note to the petitioner or show cause to the contrary.

Mandeville filed his answer to the mandamus *nisi*, stating "That he had been ordered by the Inferior Court of said county not to pay the note held by petitioner, for the reasons that the note and order to pay it were given through mistake and fraud, and that there was no consideration for it; that the Court who granted the order and give the note had

been imposed upon by Rogers, who had presented to them two drafts or orders granted to him by the Justices of said Court some years previous, and while said Rogers was Treasurer of said county; and which orders had been granted him through mistake, and which he, Rogers, had paid off while Treasurer, by retaining the amount in his hands, and giving himself credit for the same; and which he fraudulently kept open; the two orders amounting to $794 06. Mandeville further answering, stated, that Rogers had previously sued out a writ of *mandamus* against the Justices of the Inferior Court for the same claim, and which is now pending in Court; to which the Justices had made out their answer, but had not sworn to it; which answer he adopted as a part of his own.

The answer of the Justices states, that in 1838 a draft issued to Rogers, as County Treasurer, for $477 71, upon what purported to be a settlement between him and the Inferior Court, and which was entered on the minutes of the Court. The settlement shows that he was allowed $2\frac{1}{2}$ commissions for the amount received, $3.798 10, and the same on the sum paid out, $3.759 07. The settlement also assumes that the amount overpaid by Rogers, as Treasurer, was $99 86, when, in fact, he had received $39 03 more than he had paid out. In 1839, on the 4th June, another draft under a similar order was issued in favor of Rogers for $316 35. On the 8th of the same month, Rogers placed the two amounts of said orders or drafts to his own credit on the book of the County Treasurer, the two amounts making $794 06, leaving the drafts uncancelled.

After Rogers went out of office, the Court called on him for a settlement, found him in arrears as Treasurer, ordered execution to issue against him for $369 31, in 1844. In 1845, new Justices were elected, who were unacquainted with the circumstances above stated; Rogers called upon them for a settlement; presented the two orders above specified; the Justices allowed the drafts; deducted the amount of the

*fi. fa.* against Rogers from them, and gave the note in con-
troversy for the balance. They further state, that in 1845
the Grand Jury made the settlement a matter of special pre-
sentment; they further state, that the amount overcharged
by Rogers for commissions in 1838, and the amount of the
mistake claimed by him as overpaid more than he received,
when added together, make the sum of $317 82, which went
to his credit at the time, on his own books. The answer of
the Justices had attached an account between Rogers, as
County Treasurer, from 1832 to 1841, and the County of
Carroll.

On the trial the Jury found a verdict for Mandeville;
whereupon, Counsel for Rogers moved the Court for a new
trial, on the following grounds:

1st. Because the verdict was contrary to law and evidence
and the weight of evidence.

2d. Because the Court erred in admitting the two drafts
—one for $471 71, dated the 16th May, 1838; the other
for the sum of $316 35, dated 8th June, 1839, and the plain-
tiff's receipt for the same, dated 23d March, 1845.

3d. Because the Court erred in admitting an order passed
the 16th May, 1838, and the account thereto annexed. The
amount due to date, in the year 1838, $477 71; and also the
order dated June 4th, 1839; and also the account in the
Treasurer's books from April, 1839, to May, 1840, inclusive.

4th. The Court erred in admitting the evidence of J. R.
Wood, he having been one of the members of the Inferior
Court that made the settlement, and signed the note and or-
der in controversy.

5th. The Court erred in not ruling out the return to the
*mandamus* as uncertain, double and insufficient in law.

6th. The Court erred in admitting the return of the Infe-
rior Court to a former *mandamus*.

7th. Because the Court erred in charging the Jury, that if
there was any mistake or fraud in any of the previous settle-
ments with the Inferior Court, upon which this consideration

was predicated, that they should allow the defendant the amount of such error.

The Court over-ruled the motion for a new trial, and Coun-sel for Rogers excepted.

LATHAM, for plaintiff in error.

·CHANDLER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We have examined the record in this case carefully, -and can detect no error in the judgment of the Circuit Court. The plaintiff in *mandamus* presents his note and order, and thus makes out his case. The defendant insists that a mis-take was made in the settlement of the 23d of March, 1845, ·between Rogers and the newly elected Court, and specifies wherein the mistake consists. Thus admitting a *prima fa-cie* case, he assumes the burden of showing it to be founded in error. And this he proposed to do by the Treasurer's book, the entries therein, together with the explanatory evi-dence which was offered. The settlement of 1845 which is assailed, must have been predicated upon these data. How else could it be successfully attacked but by overhauling the evidence upon which it was made? To our minds, it is al-most certain that Rogers must have been twice credited with the draft for $477 61½, dated 16th May, 1838, and the other for $316 34, bearing date the 8th of June, 1839.

Be this as it may, we hold that the evidence was properly submitted to the Jury ; and we are unable to find, after scru-tinizing the proof closely, that the verdict was strongly against the weight of evidence. On the contrary, we must, in candor, say that the finding was in accordance with the proof, as we understand the facts.

[2.] We see no objection to the admissibility of Wood's tes-timony. He was not a party to the record, although he signed the note as a Justice of the Inferior Court. The case

is against Appleton Mandeville, as County Treasurer. Wood is not liable for cost, neither will he be gainer or loser by the event of the suit.

[3.] It is complained that the Court allowed the return made by the Justices of the Inferior Court to a previous *mandamus* sued out by Rogers to be read to the Jury. Mandeville adopted it and made it a part of his sworn return, and in this way it became properly a part of the pleadings and evidence in the case.